People v Haggan

2026 NY Slip Op 02462

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Appellant,

v

Diamond Haggan, Defendant- Respondent.

Decided and Entered: April 23, 2026

Ind No. 74715/24|Appeal No. 6442|Case No. 2025-01779|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Alvin L. Bragg, Jr., District Attorney, New York (Cecelia C. Chang of counsel), for appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nusayba Hammad of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about February 28, 2025, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously reversed, on the law, the motion denied, the indictment reinstated, and the matter remitted for further proceedings.

Initially, the People were not required, as part of their initial discovery obligation under the automatic discovery rules at CPL 245.20(1) to obtain and disclose employment and medical records that were not "in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" because these records fall under CPL 245.20(2), as they were in the possession and control of third parties not under the prosecution's direction or control (see former CPL 245.20[1],[2] [repealed L 2025, ch 56, part LL, § 2, eff August 7, 2025]; see L 2025, ch 56, part LL, §§ 1-8).

CPL 245.50(1) directs that a certificate of compliance (COC) be filed when the People have made diligent, good faith efforts "to obtain and provide the discovery required by subdivision one of section 245.20." This section does not mention subdivision two (People v Walker, 232 AD3d 1214, 1215-1216 [4th Dept 2024], lv denied 42 NY3d 1082 [2025] [records failed to "meet the possessory prong required to prompt [the People's] initial discovery obligation" under CPL 245.20(1)]). Thus, the validity of the People's COC did not turn on the People's disclosure of these records.

The People were required to disclose the victim's entity report under CPL 245.20(1) but improperly withheld it as duplicative. Nevertheless, defendant does not argue, and Supreme Court did not find that the entity report was withheld in bad faith. Accordingly, withholding the entity report did not warrant invalidating the COC and dismissing the indictment under CPL 30.30 in light of, among other things, the People's disclosure of voluminous records and the apparently innocuous nature of the entity report (see Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]; see People v Bay, 41 NY3d 200, 211 [2023]). Moreover, defendant did not confer with the People about any deficiency in disclosure before making his motion to invalidate the COC.

The People established that they exercised due diligence and good-faith efforts in complying with their discovery obligations, and, thus, their certificate of compliance, filed on October 31, 2024, was valid (see People v Bay, 41 NY3d 200, 209-212 [2023]). Accordingly, Supreme Court improperly invalidated the People's October 31, 2024 certificate of compliance based on their alleged failure to exercise due diligence in attempting to obtain these records. As a result, the People were ready for trial within the statutorily allotted time (see CPL 30.30[1][a]), and Supreme Court should have denied the CPL 30.30 motion to dismiss the indictment.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026